IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF
IOWA CENTRAL DIVISION

| | |
|---|---|
| ROBERT C. DIXON,<br><br>PLAINTIFF,<br><br>vs.<br><br>ALLIED INTERSTATE, LLC<br><br>DEFENDANT. | **Civil Action No.**<br><br>**COMPLAINT and DEMAND FOR JURY TRIAL** |

NOW COMES the Plaintiff, Robert C. Dixon ("Plaintiff" or "Dixon") by and through his attorney, L. Ashley Zubal, and for his Complaint against the Defendant, Allied Interstate, LLC (hereinafter "Defendant" or "Allied"), alleges as follows:

**I.   INTRODUCTION**

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq, (hereinafter "FDCPA") and the Iowa Debt Collection Practices Act, § 537.7103, et seq, (hereinafter "IDCPA") which prohibit debt collectors from engaging in abusive, deceptive, and unfair collection practices.

**II.   JURISDICTION AND VENUE**

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367. Venue in this District is proper in that the Defendant transacts business here and the conduct complained of occurred here.

**III.   PARTIES**

3. Plaintiff, Robert Dixon, is a natural person residing in Des Moines, Iowa.

4. Defendant, Allied Interstate, LLC, is a business engaged in the collection of debts owed to another in the state of Iowa.

5. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3). Plaintiff is a "debtor" as that term is defined by Iowa Code § 537.7102(6).

6. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Iowa Code § 537.7102(5).

7. At some point in time, the Plaintiff incurred a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and Iowa Code § 537.7102(3), to Qwest, which was used for personal, family, or household use.

8. Sometime thereafter, the debt was sold, assigned, or otherwise transferred to the Defendant for collection.

9. Defendant is a collection agency that in the ordinary course of business, regularly, on behalf of itself or others, engages in debt collection.

### IV.     FACTUAL ALLEGATIONS

10. The Plaintiff had contracted for services with Qwest Communications International, Inc. and at some point in time became delinquent on his payments. Qwest notified the Plaintiff that he was delinquent in the amount of $148.01.

11. On or about December 03, 2010, the Plaintiff executed a check to Qwest in the amount of $148.01 (check no. 3518). The Plaintiff identified the following account number in the memo section of the check: 515-282-0582.

12. Qwest cashed the above-referenced check on December 06, 2010.

13. Sometime in December, 2010, the Plaintiff began receiving calls from representatives of the Defendant. The representatives of the Defendant were attempting to collect the alleged debt owed to Qwest and specified the amount totaled $148.01. The Plaintiff explained to several representatives in December, 2010, that he had in fact issued a check and paid the balance owed to Qwest. The Plaintiff requested the Defendant investigate the matter and cease contacting him.

14. The Plaintiff further received collection correspondence from the Defendant in December, 2010. Said correspondence identified the alleged debt as owed to Qwest in the amount of $148.01.

15. After approximately four discussions with representatives of the Defendant where the Plaintiff explained that the debt had been paid, the Plaintiff faxed a copy of the executed check to

the Defendant on or about January 06, 2011. The Plaintiff identified the account number in the fax and retained the transmission report verifying receipt by the Defendant.

16. The Plaintiff received correspondence from the Defendant dated January 20, 2011. The correspondence contained the following statements which include but are not limited to the following: "We have concluded our review of your dispute and our client had determined that the balance remains due in our office…Please contact our office at the telephone number listed below should you wish to initiate payment via the telephone." The amount indicated as due and owing totaled $148.01 and identified the account number the same as indicated on the Plaintiff's check to Qwest.

17. On or about February 18, 2011, the Plaintiff received a collection call from a female representative of the Defendant. The representative was contacting the Defendant to request payment on the account. The Plaintiff again explained that the amount had been paid and that a fax was forwarded to the Defendant verifying payment. The Plaintiff also explained that he had been in contact with Qwest and forwarded verification of payment to Qwest as well. The representative requested the Plaintiff fax the information once again. During the conversation, the representative verified that her notes indicated the account was in fact in dispute. The Plaintiff requested the Defendant cease contacting him as he did not owe the alleged debt.

18. The Plaintiff again faxed a copy of the executed check to the Defendant on or about February 18, 2011. The Plaintiff identified the account number in the fax and retained the transmission report verifying receipt by the Defendant.

19. On or about February 24, 2011, the Plaintiff again received a collection call from a male representative of the Defendant. The representative was contacting the Plaintiff in an attempt to collect a debt and requested immediate payment from the Plaintiff. The Plaintiff explained that the alleged debt was in dispute, and that he had forwarded proof of payment to the Defendant twice. The Plaintiff requested the Defendant cease harassing him and hung up the phone.

20. The Plaintiff again received correspondence from the Defendant in February, 2011. The Defendant repeated that after reviewing the Plaintiff's dispute, it was their position that the alleged debt was still owed.

21. As a result of the above-referenced communications and actions of the Defendant, the Plaintiff has experienced the following damages including, but not limited to: embarrassment, frustration, anger, stress, loss of sleep and anxiety.

## V.     FIRST CLAIM FOR RELIEF: VIOLATION OF THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

22. The Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 21.

23. Allied Interstate, LLC and its agents violated the FDCPA through the foregoing acts and omissions including, but not limited to:

   a. The Defendant violated 15 U.S.C. § 1692c(a)(1) by continuing to communicate with the Plaintiff in an attempt to collect a debt at an unusual time or place known to be inconvenient to the Plaintiff.

   b. The Defendant violated 15 U.S.C. § 1692d(5) by engaging in behavior the natural consequence of which is to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

   c. The Defendant violated 15 U.S.C. § 1692e(2)(a) through a false misrepresentation of the character, amount, or legal status of the debt.

   d. The Defendant violated 15 U.S.C. § 1692e(10) through the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

   e. The Defendant violated 15 U.S.C. § 1692e(11) by failing to state in the initial communications and communications subsequent that the communication is from a debt collector and any information will be used for that purpose.

   f. The Defendant violated 15 U.S.C. § 1692f(1) through the use of unfair or unconscionable means to collect or attempt to collect a debt and specifically through the collection of any amount unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

24. The Plaintiff is entitled to statutory damages up to $1,000.00 for Defendant's violations of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A).

25. The Plaintiff is entitled to actual damages for Defendant's violations of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(1).

26. The Plaintiff is entitled to an award of the costs of this action and reasonable attorney fees for Defendant's violations of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(3).

## VI.     SECOND CLAIM FOR RELIEF: VIOLATION OF THE IOWA DEBT COLLECTION PRACTICES ACT (IDCPA)

27. The Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 26.

28. Allied Interstate, LLC and its agents violated the IDCPA through the foregoing acts and omissions including, but not limited to:

  a. The Defendant violated Iowa Code § 537.7103(1)(f) by violating 15 U.S.C. §§ 1692c(a)(1); 1692d(5); 1692e(2)(a); 1692(e)(10); 1692e(11); and 1692f(1).

  b. The Defendant violated Iowa Code § 537.7103(2)(d) by causing a telephone to ring or engaging a person in telephone conversation repeatedly or continuously or at unusual times known to be inconvenient, with the intent to annoy, harass or threaten a person.

  c. The Defendant violated Iowa Code § 537.7103(4)(b) by failing to state in the initial communications and communications subsequent that the communication is from a debt collector and any information will be used for that purpose.

  d. The Defendant violated Iowa Code § 537.7103(4)(e) through a false misrepresentation of the character, extent or amount of a debt, or of its legal status.

29. The Plaintiff is entitled to statutory damages ranging from $100.00 to $1,000.00 for Defendant's violations of the IDCPA pursuant to § 537.5201(1)(y).

30. The Plaintiff is entitled to actual damages for Defendant's violations of the IDCPA pursuant to § 537.5201(1)(y).

31. The Plaintiff is entitled to an award of the costs of this action and reasonable attorney fees for Defendant's violations of the IDCPA pursuant to § 537.5201(8).

**WHEREFORE,** the Plaintiff prays that judgment be entered against the Defendant, that the Plaintiff be awarded statutory damages, actual damages, the cost of this action along with reasonable attorney fees, and for such other relief as the Court deems appropriate in the circumstances.

## VII.  JURY DEMAND

The Plaintiff prays a trial by jury.

                                       Respectfully submitted,

                                       /s/ L. Ashley Zubal  
                                     L. Ashley Zubal IS9998256  
                                     Marks Law Firm, P.C.  
                                     4225 University Avenue  
                                     Des Moines, IA 50311  
                                     (515) 276-7211  
                                     (515) 276-6280  
                                     ATTORNEY FOR PLAINTIFF